WILLIAM HESSLER, Respondent, *v.* DETROIT AND CLEVELAND NAVIGATION COMPANY, Appellant.

(Supreme Court, Erie Special Term for Appeals, May, 1918.)

Carriers — of passengers — when not liable for loss of baggage — actions — judgments — negligence — trial.

> Plaintiff bought a round-trip ticket for a passage from B to D and return on a steamboat operated by defendant. As he went on the boat at B with two hand-bags they were taken from him by a porter in the employ of defendant and deposited on the "social deck," a few feet from the purser's window. Plaintiff saw the porter deposit his baggage and leave it to go to the assistance of other passengers and after plaintiff had stood in line for a few minutes and had obtained his state-room key he looked for his baggage but could not find it, and while after a careful search made during the trip one bag was found the other was not. In an action for the loss, *held*, that in the circumstances the defendant had not obtained exclusive possession of the lost bag and, therefore, could not be held liable as an insurer, and a judgment in plaintiff's favor based on a finding that defendant was in law an insurer will be reversed and a

new trial granted in order that the question of defendant's neg-
ligence and of plaintiff's contributory negligence may be sub-
mitted to a jury.

APPEAL by defendant from a judgment of the City
Court of Buffalo rendered in favor of plaintiff.

Locke, Babcock, Spratt & Hollister (Louis L. Bab-
cock, of counsel), for appellant.

Hammond & Hinkley (Alonzo G. Hinkley, of coun-
sel), for respondent.

TAYLOR, J. The main facts in this case, which are
substantially undisputed, are that this plaintiff bought
a round-trip ticket and had passage from Buffalo to
Detroit and return on a steamboat operated by the
defendant. As he was entering the boat at Buffalo
with two hand-bags, they were taken from his pos-
session by a porter in the employ of the transportation
company and deposited on what is known as the
" social deck " a few feet from the purser's window.
The plaintiff saw the porter deposit his baggage as
aforesaid and leave it to go to the assistance of other
passengers. After plaintiff had stood in line for a
few minutes and obtained his state-room key he looked
for his baggage and could not find it. Careful search
was made during the trip and while one bag was found
the other was not. Plaintiff brought action in the City
Court of Buffalo and obtained a judgment against the
defendant which now appeals to this court.

As I read the record, the question I have to deter-
mine is whether or not under such circumstances the
steamboat company had obtained possession of the
baggage in question so exclusively that it assumed the
full liability of a common carrier. For it is the law
in this state that upon the obtaining of such exclusive

possession of such property by a common carrier it becomes an insurer, and neither negligence nor contributory negligence is to be considered.   It is our rule that on railway trains and in sleeping cars, unless negligence be shown, the company is not liable for passengers' personal property stolen from a seat or from a berth; while as to such property — after it has been deposited in a rented state-room of a steamboat, for example — the carrying company thereupon engages to take such complete control of the property that it occupies the same relation to the owner thereof, the passenger, as does an innkeeper to his guest to whom a room is assigned.   So, in a case like the one at bar, with all the hurrying and bustling of porters, the hand-bag having been taken from the hand of the plaintiff at the gangplank by a porter in the employ of the steamboat company and deposited on the " social deck " — the porter leaving and hastening to assist other passengers similarly, or otherwise — the plaintiff waiting in line to get his state-room assignment and after so doing discovering that the hand-bag was not where placed by the porter as observed by the plaintiff — did the property up to this time " remain to some extent at least in the personal custody of the passenger — rendering the carrier liable for negligence only " (*Holmes* v. *North German Lloyd S. S. Co.*, 184 N. Y. 283), or had the steamboat company obtained such exclusive possession of the baggage as to become an insurer the instant the porter got the bag in his actual possession?

The authorities touching this particular state of facts are not so settled or so definitely illuminative as to render a correct determination easy as a mere matter of authority.   It does not appear to me that in this case a situation was developed whereunder the transportation company became an insurer of the

safety of this hand baggage. I cannot see it otherwise than that the situation is the same as if the plaintiff had himself carried the bag on the boat and placed it on the deck pending his obtaining a state-room assignment; for he had seen the porter place the bag on the deck within plain sight of its owner and leave it there to go about other business. Plaintiff had his ticket for transportation, to be sure, but his status was still relatively about the same as that of the steam railway passenger whose hand-bag has been deposited in the car aisle alongside his seat — about the same as that of the prospective guest at the inn whose hand baggage has by himself or by a porter been placed on the floor near his feet while he bargains for a room; it was not that of the guest who had engaged his room and had his baggage deposited therein, nor — to carry the reasoning to its conclusion — was it the same as would the relative situation have been had this bag before its loss been deposited by plaintiff or by an employee of the carrier in a state-room rented to the plaintiff by the transportation company.

I conclude that the company had not up to this time obtained " exclusive possession " of the baggage. And while I desire to make it clear that I do not hold that no liability can be fastened on the defendant, I do feel that the defendant cannot be held as an insurer under this testimony, and that a recovery, if had, must be based upon the theory of negligence in the steamboat company and freedom from contributory negligence on the part of the plaintiff.

It appears that the court below based its judgment on a finding that the defendant was in law an insurer. I appreciate that this court has authority even to grant the judgment that the facts warrant. However — inasmuch as it does not appear that more or other testimony might not be presented on another

trial — I reverse the judgment on the ground that it is based upon the erroneous ruling mentioned, and order a new trial in order that the questions of negligence and contributory negligence may be passed upon. Costs of this appeal to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event.